IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES LYNN ENOCHS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-158-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner James Lynn Enochs, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On June 21, 2011, in Hood County, Texas, Case No. CR11688, a jury found Petitioner guilty on one count of assault and one count of sexual assault. Clerk's R. 37, 42, ECF No. 13-10. The next day, Petitioner pleaded true to the enhancement allegations in the indictment and the jury assessed his punishment at life imprisonment on each count. *Id.* His convictions were affirmed on appeal, and, on November 7, 2012, the Texas Court of Criminal Appeals refused his petition for discretionary review. Docket Sheet 1-2, ECF No. 13-2. Petitioner did not seek writ of certiorari. Pet. 3, ECF No.

1. On April 27, 2015,[1] Petitioner filed two postconviction state habeas-corpus applications challenging his convictions, which were denied by the Texas Court of Criminal Appeals on July 1, 2015, without written order. SHR01[2] 21 & Action Taken, ECF Nos. 13-13 & 13-12; SHR02 21 & Action Taken, ECF Nos. 13-14 & 13-15. Petitioner filed this federal habeas petition on February 12, 2017,[3] alleging ineffective assistance of trial and appellate counsel. Pet. 6, ECF No. 1. Respondent asserts that the petition is time-barred under the federal statute of limitations.

**II. DISCUSSION**

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[1] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not state the date Petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" in each document was signed by Petitioner on April 27, 2015; thus, the Court deems the applications filed on that date.

[2] "SHR01" refers to the record of Petitioner's state habeas proceeding in WR-83,412-01; "SHR02" refers to the record of his state habeas proceeding in WR-83,412-02.

[3] Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts in his petition that he placed the document in the prison mailing system on February 12, 2017; thus, the Court deems the petition filed on that date.

>review; or

>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). For purposes of this provision, Petitioner's judgments of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on February 5, 2013, triggering the one-year limitations period, which expired one year later on February 5, 2014. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); SUP. CT. R. 13.1. Therefore, Petitioner's federal petition was due on or before February 5, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas applications, filed on April 27, 2015, after limitations had already expired, did not operate to toll the federal limitations period under § 2244(d)(2). *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383,

386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner makes no assertion of actual innocence. Instead, he asserts that difficulty obtaining the reporter's record of the trial proceedings, save for the voir dire proceeding, resulted in his delay. Petitioner contends that his appellate counsel provided ineffective assistance by requesting only a transcription of the voir dire proceeding and that the district clerk "deliberately withheld information from [him and family members] on purchasing and obtaining the reporter's record" until February 7, 2015, at which time he received a letter from the court reporter informing him of the circumstances and the estimated cost for transcribing the remaining proceedings. Pet. 9, ECF No. 1; Pet'r's Answer 2, ECF No. 14. However, Petitioner's unfamiliarity with the legal process and difficulty obtaining records are common problems among inmates who are trying to pursue postconviction relief and do not warrant equitable tolling of the limitations period. *See Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999); *Brown v. Stephens,* 4:14-CV-839-O, 2015 WL 4598289, at *3 (N.D.Tex. July 28, 2015).

Accordingly, Petitioner's federal petition was due on or before February 5, 2014. His petition filed on February 12, 2017, is therefore untimely.

## III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 17th day of September, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4